1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VALDEZ VELA, | Case No.  1:20-cv-01153-NONE-SAB |
| Plaintiff, | ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | (ECF No. 1) |
| COUNTY OF TULARE SUPERIOR COURT, | THIRTY DAY DEADLINE |
| Defendant. | |

Isabel Valdez Vela ("Plaintiff"), proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's compliant, filed on August 17, 2020.

## I.

## SCREENING

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*

1

proceedings which seek monetary relief from immune defendants); <u>Cato v. United States</u>, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); <u>Barren v. Harrington</u>, 152 F.3d 1193 (9th Cir. 1998) (affirming sua sponte dismissal for failure to state a claim).  The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  <u>Iqbal</u>, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  <u>Iqbal</u>, 556 U.S. at 678.

## II.

## DISCUSSION

Plaintiff brings this action against the County of Tulare Superior Court of California, Visalia Division, alleging that she filed a set of complaints against the Porterville Police Department and Judge Juliet Boccone which were never filed.  The second set was filed and

1   never returned for proper service to the defendants but was forwarded to the attorney of record

2   for Judge Boccone.  Plaintiff alleges violation of the Fourth Amendment claiming injuries of

3   fear, intimidation, neglect, invasion of privacy, and her right to be secure in her person and

4   belongings.  Plaintiff is seeking monetary damages and injunctive relief.

5       **A.**    **Section 1983**

6       Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or

7   other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

8   1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

9   Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim under section 1983, a

10   plaintiff is required to show that (1) each defendant acted under color of state law and (2) each

11   defendant deprived her of rights secured by the Constitution or federal law.  Long, 442 F.3d at

12   1185 (9th Cir. 2006).  There is no *respondeat superior* liability under section 1983, and

13   therefore, each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.

14   To state a claim, Plaintiff must demonstrate that each defendant personally participated in the

15   deprivation of his rights.  Jones, 297 F.3d at 934.

16       Here, Plaintiff has not named any defendant other than the Tulare County Superior Court.

17   A local government unit may not be held responsible for the acts of its employees under a

18   *respondeat superior* theory of liability.  Monell v. Department of Social Services, 436 U.S. 658,

19   691 (1978).  Rather, a local government unit may only be held liable if it inflicts the injury

20   complained of through a policy or custom.  Waggy v. Spokane County Washington, 594 F.3d

21   707, 713 (9th Cir. 2010).  Plaintiff has failed to allege any facts that a custom or policy exists

22   that has violated her constitutional rights.

23       **B.**    **Fourth Amendment**

24       The Fourth Amendment provides that 'the right of the people to be secure in their

25   persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be

26   violated.  U.S. Const. amend. IV.  "[T]he Fourth Amendment is enforceable against the States

27   through the Fourteenth Amendment."  Camara v. Mun. Court of City & Cty. of San Francisco,

28   387 U.S. 523, 528 (1967).  "To establish a viable Fourth Amendment claim, a plaintiff must

1  show not only that there was a search and seizure as contemplated by the Fourth Amendment,

2  but also that said search and seizure was unreasonable and conducted without consent."  Rakas v.

3  Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

4       The claims Plaintiff raises in this action against the Superior Court do not allege a search

5  and seizure, and therefore, the Fourth Amendment is not implicated.  Plaintiff has failed to state

6  a cognizable claim for violation of the Fourth Amendment.

7       **C.**     **Access to the Court**

8       Here, Plaintiff appears to be asserting that the Superior Court is impeding her civil

9  actions against Judge Boccone and the Porterville Police Department by failing to provide her

10  with summonses.  The Court takes judicial notice of the records of the Tulare County Superior

11  Court.[1]  The records of the Tulare County Superior Court show that Plaintiff has the following

12  cases that are currently pending: Vela v. Porterville Police Dept., Case No. VCU283115, filed

13  June 8, 2020; Vela v. Porterville Police Dep't, Case No. VCU 283113, filed June 8, 2020; Vela

14  v. Boccone, Case No. VCU283112, filed June 8, 2020 with a demurrer set for October 5, 2020;

15  Vela v. Porterville Police Dep't, Case No. VCU283111, filed June 8, 2020; and Vela v.

16  Porterville Police Dep't, Case No. VCU283110, filed June 8, 2020.  The records show that in

17  each case a fee waiver was granted, summonses were issued, and a case management conference

18  is set for October 13, 2020.

19       Based on review of the records of the Tulare County Superior Court, Plaintiff filed her

20  civil actions in June of 2020, the Superior Court issued summonses, and case management

21  conferences are set in October of 2020, and a demurrer in Vela v. Boccone is set for hearing on

22  October 5, 2020.  Plaintiff appears to be alleging that she is being denied access to the court.

23       The Supreme Court has held that the right of access to the courts is a fundamental right

24  protected by the Constitution.  Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998).  "Access

---

[1] Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Judicial notice may be taken "of court filings and other matters of public record."  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Court records are available at https://efiling.tulare.courts.ca.gov/?q=node/349, search Vela, Isabel.

4

to courts does not only protect one's right to physically enter the courthouse halls, but also insures that the access to courts will be 'adequate, effective and meaningful.' " Swekel v. City of River Rouge, 119 F.3d 1259, 1262 (6th Cir. 1997) (quoting Bounds v. Smith, 430 U.S. 817, 822 (1977)).  To prevail the claim, a plaintiff must demonstrate that the defendant violated the right of access to the courts by rendering "any available state court remedy ineffective."  Delew, 143 F.3d at 1222-23.

The Supreme Court has identified two types of access to the court claims.  The first category covers forward looking cases "where systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time."  Christopher v. Harbury, 536 U.S. 403, 413 (2002).  In these cases, the opportunity has not been lost for all time," "but only in the short term; the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed."  Christopher, 536 U.S. at 413.  The second category covers claims "of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future."  Id. at 413-414.  The official acts claimed to have denied access may allegedly have caused the loss or inadequate settlement of a meritorious case.  Id. at 414.  In either a forward looking or a backward looking access to the court claim, "the named plaintiff must identify a nonfrivolous,' 'arguable' underlying claim."  Id. at 415 (citing Lewis v. Casey, 518 U.S. 343, 353, and n.3 (1996)).

Here, Plaintiff has failed to state a cognizable claim for relief because she has failed to allege any facts regarding the underlying claims to demonstrate that she has a nonfrivolous, arguable underlying claim.  Further, the gravamen of Plaintiff's complaint is that the Tulare Superior Court is precluding her from litigating her claims against the Porterville Police Department and Judge Boccone, a forward looking claim.  However, the record demonstrates that Plaintiff's cases against the Porterville Police Department and Judge Boccone were filed, summonses issued, and they are proceeding in state court with hearings set for October of 2020.

Although Plaintiff contends that she is being frustrated from litigating her cases in the state court, summonses have been issued in each case with a case management hearing set for

October 13, 2020.  Since summonses in these actions have been issued and a case management conference has been scheduled, it is unclear how the Tulare Superior Court would be impeding Plaintiff's ability to litigate her claims.

However, Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be liberally granted.  In an abundance of caution, the Court shall provide Plaintiff with one final opportunity to file an amended complaint to cure the deficiencies identified in this order.

**III.**

**CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a cognizable claim for a violation of her federal rights. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order.  See Lopez, 203 F.3d at 1127.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).  Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

/ / /

/ / /

2.   If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **August 25, 2020**

UNITED STATES MAGISTRATE JUDGE