# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL VALDEZ VELA,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF TULARE SUPERIOR COURT,<br><br>    Defendant. | Case No. 1:20-cv-01153-NONE-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM AND ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM, FAILURE TO COMPLY WITH COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 1, 4)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**I.**

**BACKGROUND**

Isabel Valdez Vela, proceeding pro se and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On August 25, 2020, Plaintiff's complaint was screened and found not to state a cognizable claim. (ECF No. 4.) Plaintiff was granted leave to file an amended complaint within thirty days. (Id.) The order was returned by the United States Postal Service noting "RTS, No Such Number, Unable to Forward." On September 8, 2020, the order was reserved at the address listed on Plaintiff's complaint which included a suite number.

More than thirty days have passed and Plaintiff has not filed an amended complaint or otherwise responded to the September 8, 2020 order. For the reasons discussed below, the Court

1

recommends that the complaint in this action be dismissed for failure to state a claim and that this action be dismissed for Plaintiff's failure to file an amended complaint in compliance with the September 8, 2020 order and failure to prosecute.

## II.

## SCREENING OF PLAINTIFF'S COMPLAINT

### A.     Screening Standard

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis* proceedings which seek monetary relief from immune defendants); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis* complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua sponte* dismissal for failure to state a claim). The Court exercises its discretion to screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In reviewing the pro se complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,

94 (2007).  Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.

### B. Section 1983

Plaintiff brings this action against the County of Tulare Superior Court of California, Visalia Division, alleging that she filed a set of complaints against the Porterville Police Department and Judge Juliet Boccone which were never filed.  The second set was filed and never returned for proper service to the defendants but was forwarded to the attorney of record for Judge Boccone.  Plaintiff alleges violation of the Fourth Amendment claiming injuries of fear, intimidation, neglect, invasion of privacy, and her right to be secure in her person and belongings.  Plaintiff is seeking monetary damages and injunctive relief.

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived her of rights secured by the Constitution or federal law.  Long, 442 F.3d at 1185 (9th Cir. 2006).  There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677. To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Here, Plaintiff has not named any defendant other than the Tulare County Superior Court. A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  Monell v. Department of Social Services, 436 U.S. 658,

691 (1978). Rather, a local government unit may only be held liable if it inflicts the injury complained of through a policy or custom. Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). Plaintiff has failed to allege any facts that a custom or policy exists that has violated her constitutional rights.

### C.     Fourth Amendment

Plaintiff alleges a violation of the Fourth Amendment. The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

The claims Plaintiff raises in this action against the Superior Court do not allege a search and seizure, and therefore, the Fourth Amendment is not implicated. Plaintiff has failed to state a cognizable claim for violation of the Fourth Amendment.

### D.     Access to the Court

Here, Plaintiff appears to be asserting that the Superior Court is impeding her civil actions against Judge Boccone and the Porterville Police Department by failing to provide her with summonses. The Court takes judicial notice of the records of the Tulare County Superior Court.[1] The records of the Tulare County Superior Court show that Plaintiff has the following cases that are currently pending: Vela v. Porterville Police Dept., Case No. VCU283115, filed

---

[1] Under the Federal Rules a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Court records are available at https://efiling.tulare.courts.ca.gov/?q=node/349, search Vela, Isabel (last visited 10/14/20).

1  June 8, 2020; Vela v. Porterville Police Dep't, Case No. VCU 283113, filed June 8, 2020; Vela
2  v. Boccone, Case No. VCU283112, filed June 8, 2020; Vela v. Porterville Police Dep't, Case
3  No. VCU283111, filed June 8, 2020; and Vela v. Porterville Police Dep't, Case No.
4  VCU283110, filed June 8, 2020.  The records show that in each case a fee waiver was granted,
5  and summonses were issued.  In Vela v. Boccone, Case No. VCU283112, a demurrer was set for
6  hearing but has been vacated.  On September 28, 2020, the matter was reassigned to a judge in
7  Kings County.  In all other cases, a case management conference was set for October 13, 2020,
8  and has been continued to November 12, 2020 because Plaintiff failed to appear at the October
9  13, 2020 conference.

10      The Supreme Court has held that the right of access to the courts is a fundamental right
11 protected by the Constitution.  Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998).  "Access
12 to courts does not only protect one's right to physically enter the courthouse halls, but also
13 insures that the access to courts will be 'adequate, effective and meaningful.' "  Swekel v. City of
14 River Rouge, 119 F.3d 1259, 1262 (6th Cir. 1997) (quoting Bounds v. Smith, 430 U.S. 817, 822
15 (1977)).  To prevail the claim, a plaintiff must demonstrate that the defendant violated the right
16 of access to the courts by rendering "any available state court remedy ineffective."  Delew, 143
17 F.3d at 1222-23.

18      The Supreme Court has identified two types of access to the court claims.  The first
19 category covers forward looking cases "where systemic official action frustrates a plaintiff or
20 plaintiff class in preparing and filing suits at the present time."  Christopher v. Harbury, 536 U.S.
21 403, 413 (2002).  In these cases, the opportunity has not been lost for all time," "but only in the
22 short term; the object of the denial-of-access suit, and the justification for recognizing that claim,
23 is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating
24 condition has been removed."  Christopher, 536 U.S. at 413.  The second category covers claims
25 "of specific cases that cannot now be tried (or tried with all material evidence), no matter what
26 official action may be in the future."  Id. at 413-414.  The official acts claimed to have denied
27 access may allegedly have caused the loss or inadequate settlement of a meritorious case.  Id. at
28 414.  In either a forward looking or a backward looking access to the court claim, "the named

1 plaintiff must identify a nonfrivolous,' 'arguable' underlying claim." Id. at 415 (citing Lewis v.
2 Casey, 518 U.S. 343, 353, and n.3 (1996)).

3 Here, Plaintiff has failed to state a cognizable claim for relief because she has failed to
4 allege any facts regarding the underlying claims to demonstrate that she has a nonfrivolous,
5 arguable underlying claim. Further, the gravamen of Plaintiff's complaint is that the Tulare
6 Superior Court is precluding her from litigating her claims against the Porterville Police
7 Department and Judge Boccone, a forward looking claim. Based on review of the records of the
8 Tulare County Superior Court, Plaintiff filed her civil actions in June of 2020, the Superior Court
9 issued summonses, and case management conferences were set in October of 2020, but have
10 been continued due to Plaintiff's failure to appear. In Vela v. Boccone the matter was transferred
11 to a judge from Kings County.

12 Although Plaintiff contends that she is being frustrated from litigating her cases in the
13 state court, summonses have been issued and in each case, other than the case against Judge
14 Boccone, a case management conference has been continued to November 12, 2020 due to
15 Plaintiff's failure to appear on October 13, 2020. Plaintiff has failed to allege any facts by which
16 the Court can reasonably infer that the Tulare County Superior Court is interfering with her right
17 to access the court. Plaintiff has failed to state a cognizable claim for denial of access to the
18 court.

19 **E.  Conclusion**

20 The Court finds that Plaintiff's complaint fails to state a cognizable claim against the
21 Tulare County Superior Court.

22 **III.**
23 **FAILURE TO COMPLY**

24 In the August 25, 2020 order finding that Plaintiff failed to state a cognizable claim, she
25 was ordered to file an amended complaint within thirty days to cure the deficiencies in the
26 August 17, 2020 complaint. (ECF No. 4 at 6.) More than thirty days have passed and Plaintiff
27 has failed to comply with or otherwise respond to the August 25, 2020 order.

28 Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

6

1 Rules or with any order of the Court may be grounds for imposition by the Court of any and all
2 sanctions . . . within the inherent power of the Court."  The Court has the inherent power to
3 control its docket and may, in the exercise of that power, impose sanctions where appropriate,
4 including dismissal of the action.  <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir.
5 2000); <u>Ready Transp., Inc. v. AAR Mfg., Inc.</u>, 627 F.3d 402, 404 (9th Cir. 2010).

6       A court may dismiss an action based on a party's failure to prosecute an action, failure to
7 obey a court order, or failure to comply with local rules.  <u>See</u>, <u>e.g.</u> <u>Ghazali v. Moran</u>, 46 F.3d 52,
8 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d
9 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended
10 complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to
11 comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v.
12 United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply
13 with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
14 of prosecution and failure to comply with local rules).  Where a plaintiff fails to file an amended
15 complaint after being provided with leave to amend to cure the failure to state a claim, a district
16 court may dismiss the entire action.  <u>Lira v. Herrera</u>, 427 F.3d 1164, 1169 (9th Cir. 2005).

17       In determining whether to dismiss an action for failure to comply with a pretrial order,
18 the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the
19 court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
20 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
21 sanctions."  <u>In re Phenylpropanolamine (PPA) Products Liability Litigation</u>, 460 F.3d 1217, 1226
22 (9th Cir. 2006); <u>Thompson v. Hous. Auth. of City of Los Angeles</u>, 782 F.2d 829, 831 (9th Cir.
23 1986).  These factors guide a court in deciding what to do, and are not conditions that must be
24 met in order for a court to take action.  <u>In re Phenylpropanolamine (PPA) Products Liability
25 Litigation</u>, 460 F.3d at 1226.

26       In this instance the public's interest in expeditious resolution of the litigation and the
27 Court's need to manage its docket weigh in favor of dismissal.  Plaintiff's complaint does not
28 state a cognizable claim and she was ordered to file an amended complaint to cure the

deficiencies that were identified in her complaint within thirty days of September 8, 2020, the date in which she was reserved with the August 25, 2020 order. Plaintiff has been provided with the legal standards that would apply to her claims and the opportunity to file an amended complaint. Plaintiff has neither filed an amended complaint nor otherwise responded to the Court's order. Plaintiff's failure to comply with the orders of the Court hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. The complaint filed in this action does not state a cognizable claim. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's order.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's August 25, 2020 order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 4 at 7.) Thus, Plaintiff had adequate warning that dismissal of this action would result from her noncompliance with the Court's order and her failure to state a claim.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's complaint, filed August 17, 2020, be DISMISSED for failure to state a claim; and

   2.  This action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with the August 25, 2020 order, and failure to prosecute.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 19, 2020**

              UNITED STATES MAGISTRATE JUDGE